1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    EDWARDS DEAN CATES,                    Case No.  2:25-cv-2469-WBS-JDP (P)

12                    Plaintiff,

13         v.                                ORDER

14    GUTIERREZ, *et al.*,

15                    Defendants.

16

17

18         Plaintiff brings this action against three CDCR officers.  The allegations fail to state a

19    claim.  Plaintiff may, if he chooses, file an amended complaint that addresses the deficiencies

20    noted herein.  Plaintiff's application to proceed *in forma pauperis* makes the required showing

21    and will be granted.

22                       **Screening and Pleading Requirements**

23         A federal court must screen the complaint of any claimant seeking permission to proceed

24    *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

25    dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

26    which relief may be granted, or seeks monetary relief from a defendant who is immune from such

27    relief.  *Id.*

28

                                          1

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that on March 7, 2025, he was transported from California Substances Abuse Facility to the Superior Court in Hanford and from there to California Health Care Facility.  ECF No. 1 at 8.  During one of the transports, defendant correctional officers Guiterrez and Kelly loaded plaintiff into a specialty van used transport inmates in wheelchairs; plaintiff uses a wheelchair.  *Id.*  To properly secure a wheelchair, the correctional officers had to fasten two straps in the front and two straps in the back of the wheelchair to the van's chassis.  *Id.* at 9.  The van was also equipped with two seatbelts.  *Id.*

When it came time to secure plaintiff's wheelchair, defendants Gutierrez and Kelly secured the back straps by hooking them to the upper hand grips of the wheelchair, however, Gutierrez placed the straps much higher on the wheelchair than plaintiff had seen before.  *Id.*

1    Gutierrez began to drive the van out of the Sallyport, but because there was another

2    vehicle in the Sallyport, Gutierrez had to stop the van momentarily, but then quickly speed up to

3    exit through the Sallyport gate. *Id.*  This caused plaintiff's wheelchair to become unsecured, and

4    plaintiff was thrown approximately three feet backwards and injured.

5    When plaintiff arrived at CHCF, he asked an unknown correctional officer to send him to

6    the medical department to be treated for the injuries that he sustained during the wheelchair

7    incident. *Id.* at 4.  Plaintiff alleges that the officer began to berate and harass plaintiff in an

8    attempt to dissuade him from reporting Gutierrez and Kelly's negligence in securing him to the

9    transport van. *Id.* at 4-5.  Specifically, plaintiff alleges the officer called plaintiff a "baby" and a

10   "whistleblower." *Id.*  Plaintiff claims that because of the officer's comments, plaintiff refused

11   outside medical treatment, despite the CHCF doctor's recommendation that he be treated at an

12   outside hospital. *Id.* at 5.  Plaintiff also alleges that while he was being seen by the CHCF doctor,

13   Gutierrez and Kelly were in the room, which caused plaintiff to refuse medical treatment. *Id.*

14   Plaintiff filed an inmate grievance three days later about the transport incident and the

15   unknown officer's comments to plaintiff. *Id.* at 6.  Plaintiff was interviewed by an unknown

16   correctional sergeant who told plaintiff that he would identify the unknown officer with whom

17   plaintiff interacted after his accident. *Id.*  Later, however, when plaintiff received a written

18   response to his grievance, defendant K. Lamas, who was the reviewing authority of plaintiff's

19   grievance, stated that plaintiff was unable to identify the unknown officer. *Id.*  Plaintiff claims

20   that defendant Lamas could have determined the officer's identify, and that the unknown officer

21   and sergeant engaged in a cover-up in an attempt to dissuade him from exercising his First,

22   Fourth, and Fourteenth Amendment rights. *Id.*

23   Plaintiff's complaint fails to state a claim.  Plaintiff alleges that following an accident in a

24   transport van an unknown officer called him a baby and a whistleblower in an apparent attempt to

25   dissuade plaintiff from either seeking outside medical attention or from informing the transport

26   drivers' supervisor of the incident.  Those allegations are that are too conclusory.  To state a First

27   Amendment retaliation claim, a plaintiff must allege (1) that a state actor took some adverse

28   action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action

(4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted). Moreover, plaintiff received medical treatment by a doctor at CHCF, and he filed a grievance about the above incidents.

Additionally, plaintiff's allegations that defendant Lamas was involved in a cover-up because he did not do more to identify the unknown officer does not state a violation of a constitutional right. Finally, because I find that plaintiff has not sufficiently alleged a federal claim, I will decline to exercise supplemental jurisdiction over plaintiff's negligence claim against Gutierrez and Kelly.

Accordingly, plaintiff's complaint is dismissed for failure to state a claim. I will allow plaintiff a chance to amend his complaint before recommending that this action be dismissed. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current one no longer serves any function. Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is GRANTED. Plaintiff's second request for leave to proceed *in forma pauperis*, ECF No. 4, is DENIED as unnecessary.

2. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4.  Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5.  The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:    October 21, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE