UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD DEAN CATES, | Case No.  2:25-cv-2469-WBS-JDP (P) |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| GUTIERREZ, *et al.*, | |
| Defendants. | |

On October 21, 2025, I dismissed plaintiff's complaint with leave to amend, after finding that the initial complaint did not state a cognizable claim.  ECF No. 7.  On November 24, 2025, plaintiff filed a combined motion that objected to the screening order, sought appointment of counsel, asked for discovery, and requested an unspecified extension of time.  *Id.* at 1-5.  That motion is denied.  I have reviewed plaintiff's objections and find that they are not persuasive.  And he is not entitled to counsel in this case at taxpayer expense.  If he has the means, he is welcome to retain counsel at his own expense.  Plaintiff may conduct discovery when, and if, a claim passes screening and at least one defendant is served.  Finally, plaintiff's request for an undefined extension of time is denied.  It has been approximately six months since his motion was filed, and he shall have an additional twenty-one days from this order's entry to comply with my order directing him to file an amended complaint.

The court has the inherent power to control its docket and may, in the exercise of that

1

power, impose sanctions where appropriate, including dismissal. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

I will give plaintiff a chance to explain why the court should not dismiss the case for his failure to comply with my order. Plaintiff's failure to respond to this order will constitute another failure to comply with a court order and will result in a recommendation that this action be dismissed.

Accordingly, it is ORDERED that:

1.      Plaintiff's motion, ECF No. 10, is DENIED.

2.      Plaintiff ordered to show cause within twenty-one days why this case should not be dismissed for failure to prosecute, failure to comply with court orders, and failure to state a claim. Should plaintiff wish to continue with this lawsuit, he shall file, within fourteen days, either his amended complaint or a notice of voluntary dismissal.

IT IS SO ORDERED.

Dated:    May 7, 2026                                    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2