UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD DEAN CATES,<br>Plaintiff,<br>v.<br>GUTIERREZ, et al.,<br>Defendants. | Case No. 2:25-cv-2469-WBS-JDP (P)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner, alleges that defendants violated his rights by negligently failing to secure his wheelchair during a prison transport, and by trying to cover up an attempt to intimidate him after the fact. These allegations, for the reasons stated below, do not state a cognizable federal claim, and, because no amendment appears capable of saving them, I recommend dismissal of the complaint without leave to amend.

**Screening Order**

**I. Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Analysis

Plaintiff alleges that, on March 7, 2025, he was injured during a traffic accident that occurred while he was being transported by defendants Gutierrez and Kelly in the back of a van. ECF No. 15 at 3. He claims that, after the incident, he asked an unidentified officer, referred to as "Doe I" in the amended complaint, for access to medical care. *Id.* at 4. In response, this officer allegedly belittled plaintiff, accusing him of "telling on the transportation team," calling him a "baby" and a "whistleblower," and stating that he was "still alive" because of the incident. *Id.* at 5. Plaintiff alleges that Doe I's actions violated his constitutional rights because, based on the verbal harassment, he voluntarily declined medical care. *Id.* at 5. This claim is non-cognizable

for several reasons. First, plaintiff does not allege that he suffered any injury as a consequence of failing to seek immediate medical care. By his own admission, his injuries from the incident were minor: three bumps to the back of his head, a small cut to his left wrist, and "pain, soreness, and bruises" to his left arm. *Id.* at 11. He does not allege that any of these injuries were exacerbated by his decision not to seek immediate medical care. Second, a person of ordinary firmness, faced with nothing more than being called a "baby" and a "whistleblower" would not be deterred from engaging in protected activity. *See Giddens v. City of Suisun*, No. 2:14-cv-00943-TLN-AC (PS), 2018 U.S. Dist. LEXIS 18709, *25 (E.D. Cal. Feb. 2, 2018) (insults insufficient to chill a person of ordinary firmness from engaging in protected activity). And, although plaintiff alleges that he inferred "harassment" and "implicit threats" from Doe I's words, the complaint is silent as to any other steps, beyond belittling insults, this officer took to harass or intimidate him. Third, plaintiff himself admits that, a mere three days later, after his fears were assuaged by family, staff, and other inmates, he submitted a grievance regarding his interaction with Doe I. ECF No. 15 at 6. Thus, I find that he has failed to state a cognizable claim against Doe I.

Plaintiff's claims against defendants "Doe II" and Lamas are also non-cognizable. He alleges that Lamas denied his grievance and stated that he was unable to identify Doe I. *Id.* at 6. Plaintiff has no right to have his grievances answered in a particular way, however. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). And his claim that Lamas was engaged in a "cover-up" is both unsupported by any specific allegations and, ultimately, irrelevant because Doe I did not violate his constitutional rights.[1] Similarly, plaintiff's claim that "Doe II" falsely represented he would be able to identify "Doe I" during a grievance interview is not cognizable because it too only implicates grievance procedure.

Finally, plaintiff's claims against Gutierrez and Kelly sound only in state law negligence and, absent any cognizable federal claim, should be dismissed so that plaintiff may bring them in state court. 28 U.S.C. § 1367(c)(3).

I have already offered plaintiff an opportunity to amend, and he is no closer to stating a

---

[1] This also forecloses any claims against other "Doe" defendants for a "cover up" based on their allege protection of "Doe I."

cognizable federal claim. Accordingly, I will recommend that this action be dismissed for failure to state a claim.

Accordingly, it is RECOMMENDED that the amended complaint, ECF No. 15, be DISMISSED without leave to amend for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: November 12, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE